(21 Misc. Rep. 22.)

WELSH v. RHEINHARDT & CO.

(Supreme Court, Appellate Term. July 29, 1897.)

REAL PARTY IN INTEREST.

Plaintiff made a contract with defendant to furnish and erect a gas engine, with a foundation and connections, and guarantied that it should be free from imperfections, and should develop a certain horse power; the contract providing that, until paid for, the engine should remain the property of a third party. *Held*, that the latter provision did not make such third party the real party in interest in an action on the contract.

Appeal from city court of New York, general term.

Action by Thomas H. Welsh against Rheinhardt & Co. Judgment of the general term affirming a judgment in favor of plaintiff, entered on the verdict of a jury, in an action to recover on a contract for setting up a gas engine on defendant's premises. 45 N. Y. Supp. 1026. The defenses were false representations, breach of warranties, and that plaintiff was not the real party in interest. Defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Joseph C. Rosenbaum, for appellant.

Franklin Pierce, for respondent.

DALY, P. J. The plaintiff made an agreement in writing with the defendant, a corporation, to furnish and erect a gas engine complete for $1,085, the price to include a suitable brick foundation for the engine, and all necessary gas, water, and exhaust piping, and plaintiff guarantied the engine for one year against all imperfections of workmanship and material, and also guarantied the horse power, agreeing to furnish, if needed, an additional engine. The contract also included the following clause, upon which defendant bases the defense that the plaintiff is not the real party in interest, that being the sole contention upon this appeal:

"It is also herein agreed and understood that the above 30 P engine is to remain the property of the Springfield Gas-Engine Co., of Springfield, Ohio, until paid for in full, and is not to be sold, mortgaged, or removed without their entire approval and consent."

This action is brought to recover the contract price above specified, and it is claimed that the Springfield Gas-Engine Company alone has the right to maintain the action as owner of the engine. The real party in interest is the party having the sole right to enforce the contract, and the plaintiff is that party, the contract being not simply for the sale of the engine, for which plaintiff might have been regarded as acting merely as agent, but for labor and materials for which he contracted as principal, and for a collateral warranty upon which he alone is liable. If plaintiff had made the contract expressly as agent of the Springfield Company, he would, nevertheless, be entitled to sue in his own name upon it, since he was personally bound for its fulfillment. Nelson v. Nixon, 13 Abb. Prac. 104. So far as any title was vested in the Springfield Company by the contract, that title depended upon the contract as a mere incident thereto, and would be devested by payment as prescribed therein. If the contract with the plaintiff be satisfied, no title remains in the

company.   None of the cases cited by appellant sustain his objection to plaintiff's recovery.

Judgment affirmed, with costs.   All concur.